UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
SHELDON H. SOLOW,                                  :    06 CV 5988 (BSJ)
                                                   :
                          Plaintiff,               :    ECF CASE
                                                   :
        - against -                                :
                                                   :
CONSECO, INC. and CARMEL FIFTH, LLC,               :
                                                   :
                          Defendants.              :
                                                   :
------------------------------------------------------------------x

**NON-PARTY HARRY MACKLOWE, MACKLOWE PROPERTIES, INC. AND FIFTH AVENUE 58/59 ACQUISITION CO., L.P.'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO QUASH SL GREEN SUBPOENA**

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Non-Parties Harry Macklowe, Macklowe Properties, Inc. and Fifth Avenue 58/59 Acquisition Co., L.P. (collectively "Macklowe") hereby move to quash plaintiff's document subpoena served upon SL Green Realty Corp. ("SL Green") dated October 10, 2007 (the "SL Green Subpoena," attached as Exhibit A to the Second Declaration of Brian J. Howard ("Second Howard Decl.")).

### INTRODUCTION

The SL Green Subpoena is the second subpoena issued by Plaintiff in recent weeks that improperly seeks Macklowe financial information that is both competitively sensitive and irrelevant to this lawsuit. The first such subpoena, dated September 25, 2007 was served on Fortress Investment Group, LLC ("Fortress") and sought all documents relating to Macklowe's financing and refinancing of the General Motors Building (the "Building") from 2002 to the present. On October 23, 2007, Macklowe moved to quash the Fortress subpoena on the grounds

1

that (i) the requested documents bear no relevance to the claims in the complaint; (ii) the requested documents are confidential and competitively sensitive and Plaintiff has failed to make the requisite showing of substantial need for the documents and (iii) Plaintiff is requesting the documents for purposes other than the prosecution of this lawsuit. *See* Second Howard Decl. Exs. B and C.

The SL Green Subpoena, which is a carbon copy of the Fortress subpoena in all substantive respects, should be quashed for these same reasons. SL Green was not involved in the 2003 sale of the Building, was not involved in the 2003 financing of the Building and, to Macklowe's knowledge, SL Green does not own – and, since 2003, has not owned – any primary debt or equity interest in the Building. Accordingly, Macklowe requests that the Court quash the SL Green Subpoena, or, in the alternative, stay the SL Green Subpoena until the Court has resolved defendants' pending motion to dismiss the complaint.

## BACKGROUND

In light of the fact that the Fortress and the SL Green Subpoenas are identical,[1] Macklowe respectfully incorporates by reference the background section of its Memorandum of Law in

---

[1] The SL Green Subpoena requests three broad categories of documents:

1. All Documents and Communications concerning Macklowe's financing or refinancing of the Building, including but not limited to all Documents and Communications concerning any providers of mezzanine financing, any lending syndicates, or other entities or individuals involved in providing financing in connection with the refinancing of the Building.

2. All Documents and Communications concerning any pledges of Macklowe's interests in the Building.

3. All Documents and Communications concerning any loan, preferred equity, debt, or obligation of any kind secured in whole or in part by some or all of Macklowe's interest in the Building.

Second Howard Decl. Ex. A. According to the Subpoena, the date range of responsive documents is January 2002 to the present.

2

Support of Motion to Quash the Fortress Subpoena, attached as Second Howard Decl. Ex. B, at 3-5.

**The SL Green Subpoena.** SL Green was not involved in the 2003 sale of the Building and was not involved in the financing of Macklowe's 2003 purchase of the Building. *See* Second Declaration of Jason Grebin ("Second Grebin Decl.") ¶ 4. To Macklowe's knowledge, SL Green does not currently hold any equity interest or primary debt interest in the Building. *Id.* ¶ 5. To the extent SL Green would have had any "involvement" with the financing of the Building, it would have been in connection with the secondary market for Macklowe's debt, which by definition would not have existed until after the 2003 purchase had closed. *See Id.* ¶ 6.

## ARGUMENT

The SL Green Subpoena requests documents regarding Macklowe financing documents that are both highly-confidential and commercially sensitive. *See* Second Grebin Decl. ¶ 7. As set forth in Macklowe's submissions in support of the Motion to Quash the Fortress Subpoena (which is incorporated herein by reference), because the SL Green Subpoena seeks Macklowe's financial documents, Macklowe has standing to quash the SL Green Subpoena. *See* Second Howard Decl. Ex. C at 4-6. *See Arias-Zeballos v. Tan*, 2007 U.S. Dist. LEXIS 5068, *1-4 (S.D.N.Y. Jan. 24, 2007) (granting motion to quash, finding movant had standing to challenge subpoenas served on non-parties because the subpoenas sought confidential and private information about movant's financial affairs, including a real estate transaction in which the movant was involved); *Reverse Solutions, Inc. v. Vernaglia*, 2006 U.S. Dist. LEXIS 44008, *2-6 (S.D.N.Y. June 28, 2006) (granting motion to quash, finding that movant had a privacy interest in credit card records that plaintiff sought from non-parties); *Catskill Dev., LLC v. Park Place Entm't Corp.*, 206 F.R.D. 78, 92-3 (S.D.N.Y. 2002) (granting non-party's motion to quash,

noting that "numerous cases in this District hold that a party whose banking records are subpoenaed has standing to oppose the subpoena").

### A. The Subpoena Requests Documents That Are Not Relevant To The Claims In This Lawsuit And Is Overbroad

Because the SL Green Subpoena requests the same documents as the Fortress Subpoena, Macklowe incorporates by reference those arguments here. *See* Second Howard Decl. Ex. B at 6-9. SL Green, like Fortress, had no connection with the 2003 sale of the Building, no connection with financing the 2003 sale of the Building, and would not have entered the picture until long after the sale had already taken place. Therefore, the documents possessed by SL Green do not, and cannot, have any relevance to the issues in this case, which relate to what the sellers of the Building represented to Plaintiff in 2003 regarding the process by which the Building would be sold and whether the sellers adhered to that process in 2003.

### B. The Subpoena Requests Highly-Confidential, Competitively-Sensitive Financial Information

The specific financial information sought by the SL Green Subpoena, like the Fortress Subpoena, is both competitively-sensitive and highly confidential. *See* Second Grebin Decl. ¶ 7. Where a subpoena seeks confidential or commercially sensitive information it "should be quashed unless the party serving the subpoena shows a substantial need" for that information. Fed. R. Civ. Pro. 45, Advisory Committee Notes, 1991 Amendment. *See* Second Howard Decl. Ex. B at 10-11; Ex. C at 6-8. Far from demonstrating a "substantial need" for the requested documents, Plaintiff has failed to adequately explain how these documents could be relevant to his claims.

4

### C. Plaintiff Is Improperly Using These Subpoenas To Obtain Information Relating To Macklowe' Finances

As noted in Macklowe's motion to quash the Fortress Subpoena, it is clear that Plaintiff is using these subpoenas not to obtain documents necessary to prove his claims in this lawsuit, but rather to obtain proprietary information regarding Macklowe's debt obligations that may have commercial significance to Plaintiff outside this action. Second Howard Decl. Ex. B at 2-3, 10-11. Plaintiff does not dispute this. The SL Green Subpoena should be quashed for this reason as well.

### CONCLUSION

For the foregoing reasons, the SL Green Subpoena should be quashed pursuant to Rule 45 of the Federal Rules of Civil Procedure. In the alternative, the Court should stay the SL Green Subpoena until the Court has resolved defendants' pending motion to dismiss the complaint.

FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP

By: *Douglas Flaum*
Douglas H. Flaum
Brian J. Howard
One New York Plaza
New York, New York 10004-1980
(212) 859-8000

Attorneys for non-parties Harry Macklowe, Macklowe Properties, Inc. and Fifth Avenue 58/59 Acquisition Co., L.P.